IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRIDGET A. CUMMINGS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 10-G-1059-S |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Bridget[1] A. Cummings, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that

---

[1] Although this case is styled "Bridget A. Cummings," it is clear from a review of the plaintiff's signature that she spells her name "Bridgett."

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

### THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required. The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work. In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human

Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail).  However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited.  Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law.  Id at 1401.  The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims."  Id.  If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand.  As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited.  Id.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of

the ALJ, Charles L. Brower, must be reversed and the action remanded for further development of the record.  On February 25, 2009, the plaintiff's treating neurologist, Angela M. Young, M.D., completed a Clinical Assessment of Pain form, in which she reported her clinical judgment about the plaintiff's pain.  She opined:

- Pain is present but does not prevent functioning in everyday activities or work;

- Physical activity would result in some increase in pain, but not to such an extent as to prevent adequate functioning in tasks; and

- With prescribed medication, the plaintiff should be able to return to full job duties without any decrease in work effectiveness.

[R. 259-60].  That same day, Dr. Young completed a Physical Capacities Evaluation, in which she estimated that the plaintiff could lift or carry 50 pounds occasionally, and 25 pounds frequently. [R. 258].  However, in her opinion, the plaintiff could sit for a total of two hours, and stand or walk for a total of two hours, in an eight-hour workday.  Id.

In his opinion, the ALJ remarked on Dr. Young's evaluation:

> I also considered a Physical Capacities Evaluation (Ex. 10F/1), by which Dr. Young opined that Claimant can sit for no more than two hours in an 8-hour workday and stand/walk no more than two hours in an 8-hour workday.  That opinion is not creditworthy because it is not consistent with the doctor's own treatment records which nowhere recite clinical findings to support such limitations.  Moreover, it seems inconsistent with her opinion that Claimant can lift/carry 50 pounds (Ex. 10F/1).  Given the very mild limitations opined by Dr. Young under [her] Clinical Assessment of Pain, as well as the 50-pound lift/carry limit, I suspect that she misunderstood the form and thought she was opining that Claimant is able to sit (or stand/walk) for two hours at a time, *not* two hours in an 8-hour day.

[R. 19](emphasis in original)

One important aspect of the Commissioner's duty to develop a fair and complete record is his duty to recontact a claimant's treating physician. The Commissioner's regulations provide as follows:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> > (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

20 C.F.R. § 404.1512(e). It was improper for the ALJ to speculate that Dr. Young misunderstood the form. Rather, he should have recontacted Dr. Young to ask her to resolve any ambiguity as to her understanding of the form or her clinical evaluation.

Additionally, even though the ALJ proceeded to Step Five of the sequential analysis, the ALJ failed to elicit testimony from the vocational expert based upon a hypothetical question that takes into account all of the plaintiff's impairments to determine whether there are any jobs the plaintiff could perform. Instead, the ALJ relied

exclusively on the Grids because he found the plaintiff's limitations to be exertional only. [R. 21].

On remand, the Commissioner shall properly develop the record concerning the plaintiff's condition, to include recontacting Dr. Young to resolve any ambiguity as to her understanding of the Physical Capacities Evaluation form, and her opinion as to how many hours total the plaintiff can sit, stand and walk in an eight-hour workday. After fully and fairly developing the record regarding the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the plaintiff's impairments on her ability to work.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 12 May 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.